# ATTACHMENT C

STEPHEN S. HART
HART LAW OFFICES, P.C.
482 Constitution Way, Suite 313
Idaho Falls, ID 83402-3537
Phone: (208) 524-3272
Fax: (208) 524-3619
Idaho State Bar # 1987
Email: shart@hartlawif.com

Attorneys for Defendant, Tel James Boam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TEL JAMES BOAM,<br><br>    Defendant. | Case No. 4:20-CR-00188-BLW-1<br><br>**DECLARATION OF HAILEY BOAM** |

I, HAILEY BOAM, Hereby affirm, state and declare as follows:

1.     I am over the age of 18 and competent to make the statements set forth herein. I make these statements based on my own knowledge and/or observations.

2.     I am a cousin of Tel James Boam ("T.J."), the defendant herein.

3.     Prior to the criminal charges being filed in this Court against T.J., my relationship with T.J. was very limited. I rarely saw T.J. We did not have a close relationship. The last time I remember seeing T.J. in person before his criminal case was filed was in 2010 at the mall for a few minutes.

4.     After the criminal charges were filed in this Court, family members, including me, discussed this matter. It was at that point that I felt it important to support and assist T.J. in

DECLARATION OF HAILEY BOAM - 1

this matter as I felt he needed someone with integrity and strength to help him navigate through this matter.

5.    I met Robin Dunn, T.J.'s attorney, after I began helping T.J.

6.    As part of my help to T.J., I spoke with Robin Dunn regularly and I would go through his files with T.J. at Robin Dunn's office on numerous occasions, often without Robin Dunn being present. T.J. and I spent considerably more time than Robin Dunn reviewing the evidence provided by the government.

7.    I found Robin Dunn's lack of care and attention to be odd and frankly concerning.

8.    Prior to the trial of this matter, I found Robin Dunn to be "disconnected" .from his obligations in this case. Particularly, Robin Dunn was very lax and did not give the appropriate amount of attention and action to deadlines in T.J.'s case. It appeared to me that he did not care about deadlines. I would become very frustrated and concerned about Robin Dunn's lack of action and attention in T.J.'s case.

9.    This was particularly concerning and upsetting as I believe that we provided Robin Dunn with potential evidence that was not and could not be used because of his failure to comply with the deadlines set in this matter.

10.    Robin Dunn's demeanor through the majority of my interaction with him was very erratic.

11.    When I or T.J., in my presence, would ask Robin Dunn about the missed deadlines and other issues of concern he would always say "it doesn't matter, its not going to change anything."

12.    Another statement that Robin Dunn made to me and T.J., in my presence, throughout the time before trial was that "T.J. will win this case, don't worry." Robin Dunn

DECLARATION OF HAILEY BOAM - 2

continually told me and T.J. in my presence that he "never lost a case in Jefferson County." Robin Dunn also stated to myself and T.J. that he was confident he could "play the system" and get everything in. Robin Dunn often stated that the prosecution was late so he could be late and then the prosecution would object and then Robin Dunn would never argue that the prosecution had missed a deadline or extended a deadline. From my view in this matter, Robin Dunn did not follow proper procedure.

13. Robin Dunn constantly, during the pre-trial preparations for this matter would tell me and T.J., in my presence, that he was very busy with other criminal drug cases he was handling

14. I had very minor interaction with Mr. Murdock, the court appointed attorney. Mr. Murdock would not speak with me. Mr. Murdock was never around for any planning. Mr. Murdock did not participate in much of the trial preparation at all. Mr. Murdock would show up for court and that was about the extent of his involvement.

15. Mr. Dunn would always offer up his thoughts on Mr. Murdock to me and T.J. willingly and it always ended with Mr. Dunn blaming Mr. Murdock and saying he was working with the prosecution to undermine Mr. Dunn's plans.

16. During trial preparation and after trial preparation Mr. Dunn would take T.J. jewelry shopping and take care of other business under the pretense they would work on the case.

17. Mr. Dunn told me numerous times during my assistance in this matter that he would drive around aimlessly at night because he could not sleep.

18. Mr. Dunn "promised" me and T.J. that his brother was a big wig at Apple and was going to help with the ICloud evidence to get it thrown out.

DECLARATION OF HAILEY BOAM - 3

19. In the middle of the trial, I heard Robin Dunn specifically ask T.J.'s supporters to write letters reprimanding the Judge saying it's the only way to force the Judge to hear and see T.J.'s evidence.

20. Mr. Dunn often was on oxygen in his office. Mr. Dunn always had a myriad of pill bottles on his desk when T.J. and I were there for any type of meeting and/or preparation.

21. During my interactions with Robin Dunn, Mr. Dunn was very paranoid. He believed that all of his phones were wire tapped and that he could not talk on the phone. Robin Dunn would only allow me to use a couple of specific emails to contact him and told me specifically not to use his office email as he also believed his email was also being monitored by the government.

22. I sat through a number of days of the trial and was very concerned about Robin Dunn's preparation and attention for and during the trial. Robin Dunn did not address or contest a substantial amount of evidence from the government though I and T.J. had given him specific information for those purposes.

23. After the trial was completed, I on a substantial number of occasions asked Robin Dunn, at the request of T.J., to get to T.J. the PSI. Robin Dunn did not follow through with any Request that I made and again at one point told me "it doesn't matter, its not going to change anything. To the best of my knowledge T.J. was never provided a copy of his PSI by, nor did he review his PSI with Robin Dunn.

24. It was very concerned about the representation that T.J. was receiving from Robin Dunn but I did not have any say about his representation of T.J. It appeared to me that T.J. was convinced by Robin Dunn's statement to him that he would win this case and that T.J.;s case was not given the proper time and preparation.

DECLARATION OF HAILEY BOAM - 4

I declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Dated this 3 day of March, 2025    .

_____
HAILEY BOAM
Declarant

DECLARATION OF HAILEY BOAM - 5